UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

Maishon T. Cooper and                                   Case No.: 18-46854
Carrie K. Cooper,                                        Chapter 7
    Debtors.                                                  Hon. Mark A. Randon
_____/

Fleet Capital LLC,

    Plaintiff,

v.                                                                              Adversary Proceeding
                                                                              Case No.: 18-04366

Maishon T. Cooper and
Carrie Cooper,
    Defendants.
_____/

## OPINION AND ORDER DENYING PLAINTIFF'S
## MOTION FOR SUMMARY JUDGMENT

### I.    INTRODUCTION AND BACKGROUND

Carrie Cooper owned a used car dealership, as a sole proprietorship, under the assumed name, Coopers Wholesale. Carrie says her husband, Maishon, "co-owned" the business and was essential to its operation. But as the name suggests, a *sole* proprietorship can have only one owner.

In 2015, Maishon sought and obtained a revolving line of credit (dealer floor plan) from Fleet Capital LLC based on his false representations on the loan documents that he owned Coopers Wholesale. He also represented that Coopers Wholesale's monthly and annual average sales were $45,000.00 and $500,000.00 respectively. When the loans

went into default, Fleet Capital filed a state court lawsuit against Maishon d/b/a Coopers Wholesale. Relying on Maishon's representation of ownership, Fleet Capital did not a name Carrie as a defendant. In response to the lawsuit, the Coopers filed bankruptcy.

Fleet Capital alleges the debt is nondischargeable under sections 523(a)(2)(A), 523(a)(2)(B), and 523(a)(6) of the Bankruptcy Code. Its motion for summary judgment is pending. Because: (1) Fleet Capital cannot satisfy the "necessarily determined" element for collateral estoppel to apply under section 523(a)(2)(A); (2) Fleet Capital's motion does not address the section 523(a)(2)(B) and 523(a)(6) causes of action; and (3) questions of fact remain, the motion is **DENIED**.

## II. STANDARD OF REVIEW

Under Rule 56 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7056, summary judgment must be granted "if the movant shows that there are no genuine issues as to any material fact in dispute and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *CareToLive v. Food & Drug Admin.*, 631 F.3d 336, 340 (6th Cir. 2011). The standard for determining whether summary judgment is appropriate is whether "the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Pittman v. Cuyahoga County Dep't of Children Services*, 640 F.3d 716, 723 (6th Cir. 2011) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)).

The Court must draw all reasonable inferences in favor of the party opposing the motion. *Pluck v. BP Oil Pipeline Co.*, 640 F.3d 671, 676 (6th Cir. 2011). However, the nonmoving party may not rely on mere allegations or denials, but must "cit[e] to particular parts of materials in the record" as establishing that one or more material facts are "genuinely disputed." Fed. R. Civ. P. 56(c)(1). A mere scintilla of evidence is insufficient; there must be evidence on which a jury could reasonably find for the non-movant. *Hirsch v. CSX Transp., Inc.*, 656 F.3d 359, 362 (6th Cir. 2011).

## III. APPLICABLE LAW AND ANALYSIS

Section 523(a)(2)(A) provides that a debtor is not discharged from any debt "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by[] false pretenses, a false representation, or actual fraud[.]" To except a debt from discharge under section 523(a)(2)(A), Fleet Capital must prove by a preponderance of the evidence:

> (1) the debtor obtained money through a material misrepresentation that, at the time, the debtor knew was false or made with gross recklessness as to its truth; (2) the debtor intended to deceive the creditor; (3) the creditor justifiably relied on the false representation; and (4) its reliance was the proximate cause of loss.

*Rembert v. AT&T Universal Card Services (In re Rembert)*, 141 F.3d 277, 280-81 (6th Cir. 1998).

Fleet Capital argues that the doctrine of collateral estoppel prevents the Coopers from defending this cause of action. "The doctrine of collateral estoppel prevents an issue from being relitigated where the issue of fact or law was actually litigated and

necessarily decided in a prior action between the same parties." *Phillips v. Weissert (In re Phillips)*, 434 B.R. 475, 485 (B.A.P 6th Cir. 2010). Fleet Capital must prove four elements for collateral estoppel to apply: (1) an identity of parties across the proceedings; (2) a valid, final judgment in the first proceeding; (3) the same issue was actually litigated and necessarily determined in the first proceeding; and (4) the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the earlier proceeding. *Id.*

Fleet Capital's argument fails on the third element. "An issue is necessarily determined only if it is 'essential' to the judgment." *People v. Gates*, 434 Mich. 146, 158 (1990). In *Gates*, for example, a jury returned a verdict of "no jurisdiction" in a child-protective probate proceeding. The issue before the court was whether collateral estoppel barred the subsequent prosecution of the defendant for criminal sexual conduct. The court found that "[b]ecause the prior probate court verdict did not necessarily determine the guilt or innocence of the defendant, . . . the principals of collateral estoppel do not apply." *Gates*, 434 Mich. at 150-51. And "[i]n order for collateral estoppel to operate as a bar to a subsequent prosecution, the jury in the earlier probate proceeding must *necessarily* have determined that defendant was not guilty of the criminal sexual conduct charged in the prosecutor's complaint." *Id.* at 158 (emphasis in original). The same reasoning applies to the preclusive effect of a default judgment. *Rohe Scientific Corp. v. Nat'l Bank of Detroit*, 133 Mich. App. 462, 467 (1984) ("the default judgment is conclusive only as to those matters essential to support the judgment"). In sum, collateral

-4-

estoppel only applies where the basis of the prior judgment can be ascertained "clearly, definitely, and unequivocally." *Gates*, 434 Mich. at 158.

Here, Fleet Capital's state court complaint contained six counts: balance due on open account, breach of contract, balance due on account stated, unjust enrichment, promissory estoppel, and fraud. The default judgment was entered on a standard form and does not specify on which counts of the complaint it is based; therefore, similar to *Gates*, the Court cannot find that fraud was "necessarily determined." *See Chamberlain v. Messer (In re Messer)*, 500 B.R. 875, 880-81 (Bankr. E.D. Mich. 2013):

> [t]he Default Judgment does not specify that judgment was being entered on all counts, or on any particular count. And not all of the counts in Plaintiffs' state court complaint would support a nondischargeability determination under § 523(a). For example, Count I of the state court complaint was a simple breach of contract claim. No provision of § 523(a) applies to such a claim.

The state court judge did not hold a hearing on Fleet Capital's motion for default judgment. She simply filled in the blanks on the standard default judgment form. As such, there is no record to review to ascertain the basis of the default judgment.

## IV. CONCLUSION

Because: (1) Fleet Capital cannot satisfy the "necessarily determined" element for collateral estoppel to apply under section 523(a)(2)(A); (2) Fleet Capital's motion does not address the section 523(a)(2)(B) and 523(a)(6) causes of action; and (3) questions of fact remain as to whether Maishon's misrepresentation was intentional, or whether

-5-

18-04366-mar    Doc 56    Filed 07/10/19    Entered 07/10/19 16:32:28    Page 5 of 6

Maishon had the intent to deceive Fleet Capital, the motion is **DENIED**. The case will proceed to trial on *August 22, 2019, at 10:00 a.m*.

    **IT IS ORDERED**.

**Signed on July 10, 2019**



/s/ Mark A. Randon
Mark A. Randon
United States Bankruptcy Judge